IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICK STONE, #00701929, Petitioner, | § | |
| v. | § | No. 3:25-cv-1097-D |
| DIRECTOR, TDCJ-CID, Respondent. | § | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the findings, conclusions, and recommendation of the United States Magistrate Judge and the objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the court is of the opinion that the findings and conclusions of the magistrate judge are correct, and they are adopted as the findings and conclusions of the court. For the reasons stated in the findings, conclusions, and recommendation of the United States Magistrate Judge, the Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, received on August 13, 2025 (ECF No. 14), is denied with prejudice.

The court has considered petitioner's objections (ECF No. 28 at 2-5) and reviewed de novo the portions of the recommendation to which he objects. The objections rest on the same grounds addressed by the magistrate judge. The trial court considered the 2007 incompetency finding and found petitioner competent to plead guilty in 2024 after reviewing a current evaluation and questioning him (ECF No. 27 at 6.). The judgment imposed the agreed 20-year concurrent sentence, and petitioner

fails to identify any evidence that the state made a material promise concerning parole. The magistrate judge also considered the alleged use of the second enhancement paragraph during plea negotiations. The state abandoned that allegation before petitioner pleaded guilty, and petitioner has not shown that the state induced his plea through a material misrepresentation or that, but for counsel's alleged errors, he would have rejected the plea and proceeded to trial. *Id.* at 10-12. Without an underlying constitutional error, his cumulative-error objection also fails. The court therefore overrules petitioner's objections.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c), and after considering the record in this case and the recommendation of the magistrate judge, petitioner is denied a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's findings, conclusions, and recommendation in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If petitioner files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly

signed certificate of inmate trust account.

**SO ORDERED.**

November 13, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE